UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRODERICK FORD,

            Petitioner,

            v.

FEDERAL BUREAU OF PRISONS,
U.S. PAROLE COMMISSION,

            Respondents.

Civil Action No. 07-0848 (HHK)

## MEMORANDUM OPINION

Petitioner is a resident of the District of Columbia presumably on parole from a sentence imposed by the Superior Court of the District of Columbia. He seeks the issuance of a writ of *habeas corpus* under 28 U.S.C. § 2241. The petition presents no grounds for issuing the writ and therefore will be denied.

The Superior Court sentenced petitioner in June 1992 to 4-12 years' imprisonment for possession with intent to distribute. Pet. at 2. Petitioner asserts that respondents "have incorrectly computed his sentence and failed to give petitioner his time on parole." *Id*. at 5. Consequently, his full-term release date is June 7, 2016 instead of June 7, 2007. *Id*. Petitioner seeks credit for "'all time spent on parole,'" Pet.'s Brief at 23, commonly referred to as "street-time credit."

*Habeas corpus* is available to District of Columbia prisoners upon a showing that the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Upon review of a habeas petition, the Court is obligated either to issue the writ or to order respondent to show cause why the writ should not issue "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C.

§ 2243. It is established that District of Columbia prisoners have neither a constitutional nor a statutory right to maintain street-time credit once their parole is revoked. *See Noble v. United States Parole Commission*, 32 F. Supp. 2d 11, 13-14 (D.D.C. 1998), *aff'd* 194 F.3d 152 (D.C. Cir. 1999). Indeed, District of Columbia law requires that such credit be forfeited under such circumstances. D.C. Code § 24-406 (formerly § 24-206); *United States Parole Commission v. Noble*, 693 A.2d 1084, 1094-1104 (D.C. 1997), *reinstated* 711 A.2d 85 (D.C. 1998) (en banc) (interpreting D.C. Code § 24-206(a) on certification of question from the District of Columbia Circuit).[1] *See McKee v. U.S. Parole Com'n*, 214 Fed.Appx. 1, 2 (D.C. Cir. 2006) ("*Noble* provided an authoritative statement of the meaning of D.C. Code § 24-206(a) (1981) that was consistent with the statutory language. . . .").

For the foregoing reasons, the petition for a writ of *habeas corpus* is denied. A separate Order of dismissal will issue contemporaneously.

```
               s/
_____
         HENRY H. KENNEDY, Jr.
         United States District Judge
```

Date: July 18, 2007

---

[1] The statute provides in relevant part:

> If the order of parole shall be revoked, the prisoner, unless subsequently reparoled, shall serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him after his return to custody. . . . The time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced.

D.C. Code § 24-406(a).